(30 Misc. Rep. 682.)

## In re SULLIVAN.

(Supreme Court, Special Term, Onondaga County. March, 1900.)

1. INTOXICATING LIQUORS—LOCAL-OPTION ELECTION—SPECIAL MEETING.

Under Laws 1896, c. 112, § 16, providing that a special town meeting, for the purpose of submitting to the electors propositions in regard to the sale of intoxicating liquors in the town, shall only be called on the filing of a petition therefor with the town clerk, and an order of the supreme or county court, or a justice or judge thereof, directing such special election, and that such town clerk shall, within five days after the filing of a petition therefor, call a special town meeting, and give notice thereof, *held* that, where the petition for such special election is filed before the application to the court for an order directing the holding of a special election, the time necessarily consumed in procuring such order from the court or judge should not be considered in computing the five days within which the court should give the notice.

2. SAME—FILING OF PETITION.

A petition of electors for the submission of the question whether or not intoxicating liquors shall be sold in the town to a vote of the electors of a town should be filed in the office of the town clerk when executed, and a petition to the supreme or county court for an order directing such special election should state that such petition has been filed in the office of the town clerk.

3. SAME—ELECTIONS—TIME FOR HOLDING.

 Under Laws 1896, c. 112, § 16, providing that a special town meeting may be called for the purpose of submitting to the electors of the town the question of the sale of intoxicating liquors in the town at any time during an even-numbered year, provided such year be the second succeeding the year when said provisions were last or might have been lawfully submitted to a vote of the electors of the town, where the issue to prohibit the sale of intoxicating liquors was voted on at the regular 1899 town election, which election was judicially declared invalid for irregularities, the electors are not precluded from holding a special election within two years after such invalid election.

Application by Eugene Sullivan for an order directing a special town meeting in the town of Volney for the purpose of submitting to the electors the question of local option. Application granted.

F. G. Spencer, for petitioner.
S. B. Mead, for town clerk and others.
Piper & Rice and C. G. Baldwin, in opposition to application.

HISCOCK, J. At the regular town meeting, town of Volney, Oswego county, in November, 1899, an attempt was made to submit the four propositions defined by section 16, Liquor-Tax Law (Laws 1896, c. 112, § 16, as amended by Laws 1899, c. 398, § 1), to a vote of the electors of that town. This court has held that, for reasons which it is unnecessary here to state, said propositions were not properly submitted. The petitioner now seeks an order of this court authorizing or directing a special town meeting, at which said propositions may be properly submitted. It appears without dispute that a petition proper in form, and signed by the requisite number of electors, asking for such meeting and submission, has been duly filed with the town clerk. The opposition to the granting of the order sought, and to the holding of such special meeting, is based upon certain clauses in said section 16 which it is claimed prohibit the same.

The first ground of objection is found in the clause which says that "in the case of the calling of any special town meeting under the provisions of this act upon filing the petition hereinbefore mentioned and described with the town clerk, such clerk shall within five days after the filing of such petition call a special town meeting at a time not less than twenty days nor more than thirty days after the filing of such petition. The town clerk shall within five days cause to be printed and posted" notices, etc. The petition of the electors for another submission was filed with the town clerk, January 8, 1900. The petition in this proceeding was made the same day; and the hearing of the application thereon noticed for the special term held January 20th. The town clerk has not complied with, and now, of course, cannot comply with, the literal wording of the clause just quoted, saying that he shall institute proceedings for the holding of the special town meeting within five days after the filing with him of the electors' petition therefor. I think this clause, however, must be read and construed in connection with the other provisions of the section. One of them is that "such special town meeting shall only be called upon the filing with the town clerk, the

petition aforesaid and upon an order of the supreme or county court or a justice or judge thereof respectively upon sufficient reason being shown therefor." In other words, after the petition had been filed with him, as in this case, the town clerk had no right to comply with the other provision directing him to make a call within five days. He was obliged to wait until the requisite order should be obtained before he could make any call at all, and I think that the time occupied in obtaining such order should not be counted as part of the time limited for his calling the meeting. Of course, a literal compliance with both provisions could be secured by withholding the filing of the petition with the town clerk until application had been made for the necessary order, or by obtaining such order ex parte and without notice to anybody, which could probably be done within five days. I think either of these courses would be objectionable, and that it is better to construe the provisions as I have done. The proper place for the petition when executed is with the town clerk, where any person interested can inspect it, and the fact that it is there ought to appear when application is made for the order. Nor is it desirable that an order of this kind, involving, at least, considerable expense to the town if a new election is directed, should be granted without notice to be filed with the petition.

The second objection to this application is based upon the clause in section 16 which reads: "A special town meeting may be called at any time during an even-numbered year hereafter, provided said even-numbered year be the second year succeeding the year when said four propositions were last or might have been lawfully submitted." The meeting which the petitioner desires to have called is clearly designated by the provisions of this section as a "special town meeting." The regular town meeting at which the attempt was made to submit these propositions occurred in November, 1899. Therefore, if the provision last quoted is to be regarded as fixing and limiting the time when a special meeting may be held to vote again on these propositions, as it is claimed by counsel it does, there never can be held such a meeting; for it will be impossible, of course, to get an even-numbered year which will be the second year succeeding 1899, when the propositions "were last or might have been lawfully submitted."

Again, however, I do not think the restrictive or prohibitory construction contended for is to be adopted. I confess I do not discover what the purpose of this clause is, or what object it answers, except to confuse and obscure the meaning of this section, which is sufficiently involved, at best. Before it occurs, a complete method is pointed out for securing a special meeting, at which the nullifying effects of an irregular or improper submission of the excise propositions at a regular town meeting can be remedied by a new vote. No time is fixed within which this special meeting may or must be called, except that the town clerk must act within a certain time after the filing of the electors' petition.

The section under discussion in its first provisions fairly indicates the expectation that such meetings will be called at any time and

at irregular periods. This is to be expected from the mere fact that the meetings are special ones. If they were to be held at regular prescribed times, there would be no sense in having the provisions at all. This intent is also to be gathered from another special provision. Provision is made for the submission of these questions every second year. Then occurs the provision for a special meeting in such a contingency as exists in this town. Then follows a clause that "the time for the resubmission of such propositions shall be reckoned from the date of holding the regular town meeting at which they should have been submitted." The "resubmission" here provided for is clearly the regular biennial one above referred to, and, in providing that the computation of the time for its occurrence is to be reckoned from one regular annual town meeting to another similar one, the statute undoubtedly contemplates that special meetings may be held at irregular dates during such regular periods.

The general intent and purpose of the statute is that the electors shall have an opportunity, at least once in two years, to vote upon these questions, and that they shall not be deprived of this opportunity for a whole period of two years because mistakes have been made in the conduct of an election. Take this case as an illustration. As I understand it, the real contest in the town at the November election was over the selling of liquors by saloons and hotels. A large number of inhabitants of the town are opposed to sales by either. At the election two years before this one the vote was in favor of selling at least by hotels. The last, or 1899, election has been held irregular. The question, therefore, presents itself whether, if there cannot be a special election, the hotels will not be entitled to a continuance of their right to sell liquor under the prior election, and without any opportunity to the electors to pass upon that question for another period of two years. In fact, that is substantially the position taken upon this hearing by the counsel, who really represents the opposition in the town to the sale of liquors.

I think it would be unfortunate, by giving the construction claimed for the clause first quoted upon this last point, to bring about a denial to the electors of Volney of the right to vote upon and regulate these questions as it was the intention of the statute they might do. The wording of the clause in question quoted is permissive merely. The authority for such meetings, without any such limitations, is found in the earlier provisions of the section. It does not seem reasonable or necessary by giving the later words a prohibitory, instead of a permissive, construction to limit what precedes them, and thus overturn the general purpose of the statute. The application, therefore, is granted.

Application granted.